1  V. James De Simone (SBN 119668)
   vjdesimone@sdshh.com
2  Paul L. Hoffman (SBN 71244)
   hoffpaul@aol.com
3  SCHONBRUN DeSIMONE SEPLOW
   HARRIS  HOFFMAN & HARRISON LLP
4  723 Ocean Front Walk
   Venice, CA 90291
5  Telephone: (310) 396-0731
   Facsimile:  (310) 399-7040
6
7  Douglas Ingraham (SBN 195755)
   723 Ocean Front Walk
8  Venice, CA 90291
   (310) 664-0395
9
   Attorneys for Plaintiffs
10

11              UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

13
   XUE LU, JIE HAO                  )  CASE NO: 01-01758 CBM (Ex)
14                                   )
        Plaintiffs,                  )  Honorable Consuelo B. Marshall
15                                   )  U.S. District Judge
        vs.                         )
16                                   )  FOURTH AMENDED COMPLAINT
   UNITED STATES OF AMERICA         )  FOR DAMAGES:
17                                   )
        Defendant.                  )  1.    VIOLATION OF CALIFORNIA
18                                   )        CIVIL CODE § 52.1
                                     )        PURSUANT TO FTCA
19                                   )
                                     )  2.    INTENTIONAL INFLICTION
20                                   )        OF EMOTIONAL DISTRESS
                                     )
21

22      The following allegations are made to support this Fourth Amended

23  Complaint:

24              JURISDICTION AND VENUE

25      1.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331,

26  1343, and 1350. This action arises under the laws of the United States. Plaintiffs seek

27  to redress deprivations by defendants, acting under color of federal law, of rights

28  secured to them by the laws of the United States.

        FOURTH AMENDED COMPLAINT FOR DAMAGES

2.     Venue of this action is proper in this judicial district by virtue of 28 U.S.C. § 1391 because among other things, the acts complained of occurred in this judicial district and because one or more of the defendants reside in this judicial district and all of the defendants reside in California.

## THE PARTIES

3.     All plaintiffs resided within the jurisdiction of the United States of America at all times alleged herein.

4.     Plaintiff Xue Lu is a citizen of the People's Republic of China who was lawfully admitted to the United States of America with a non-immigrant visa and who filed an application for political asylum with the Los Angeles Asylum Office of the Federal Immigration and Naturalization Service ("INS").

5.     Plaintiff Jie Hao is a citizen of the People's Republic of China who was lawfully admitted to the United States of America with a non-immigrant visa and who filed an application for political asylum with the Los Angeles Asylum Office of the INS.

6.     Plaintiffs have timely filed tort claims with the appropriate federal agency.  Plaintiffs' tort claims have been denied by operation of law.

7.     Plaintiffs are informed and believe and thereon allege that at all relevant times, Robert V. Looney was an employee of the United States of America and was the Director of the Los Angeles Asylum Office of the INS and had primary responsibility for the supervision and training of Thomas Powell, an employee of the Los Angeles Asylum Office of the INS who was in charge of reviewing and approving or denying applications for asylum submitted to the Los Angeles Asylum Office of the INS.

8.     Liability of the United States of America is based upon the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2860 which provides that a suit against the United States of America shall be the remedy for the negligent and wrongful acts of

FOURTH AMENDED COMPLAINT FOR DAMAGES

2

1 federal employees taken within the scope of their office or employment, including
2 violations of applicable State law by such employees.

3     9.     Plaintiffs are informed and believe and thereon allege that each defendant
4 is, and at all times mentioned was, the agent, employee or representative of each other
5 defendant.  Each defendant, in doing the acts, or in omitting to act as alleged in this
6 Complaint, was acting within the scope of his or her actual or apparent authority or the
7 alleged acts and omissions of each defendant as agent were subsequently ratified and
8 adopted by each other defendant as principal.

9     10.    Plaintiffs are informed and believe and thereon allege that the actions of
10 Thomas Powell, at all times relevant to the allegations herein, were all conducted
11 within the course and scope of his employment.

12
13                    FACTS COMMON TO ALL COUNTS

14    11.    Plaintiffs were deprived of an interest protected by the laws of the United
15 States, and the employees and agents of Defendant caused such deprivation while
16 acting under color of Federal law and within the course and scope of employment.

17    12.    Plaintiffs are informed and believe and thereon allege that any
18 governmental entity employer or INS supervisory employee defendant has knowingly,
19 recklessly, and/or with deliberate indifference to the rights of persons within the
20 jurisdiction of the United States of America, maintained or permitted an official policy
21 or custom of permitting the occurrence of the types of wrongs set forth herein.

22    13.    Plaintiffs are informed and believe and thereon allege that within the
23 period of February 15, 2000 and June 8, 2000, and thereafter, the following events
24 occurred within the County of Los Angeles:

25
26 //
27 //
28 //

FOURTH AMENDED COMPLAINT FOR DAMAGES
3

**Facts Pertaining to Plaintiff Xue Lu:**

14.    On or about February 15, 2000, Officer Thomas Powell interviewed plaintiff Xue Lu at an INS asylum hearing office in the presence of her attorney. Upon her entrance to the hearing office, Xue Lu was met by armed guards who allowed her entry only after she passed through a metal detector.  Upon entry into Asylum Officer Powell's office, plaintiff could observe Officer Powell's badge and identification which identified him as an Asylum Officer of the United States of America.  Plaintiff is informed and believes and thereon alleges that as an Asylum Officer, Officer Powell had the right and power to interrogate the plaintiff, order the plaintiff to be detained or arrested without a warrant with the approval of his supervisor, and order her to be removed and deported from the United States.  Officer Powell derives these powers from the laws of the United States of America, including, but not limited to, the following statutes and regulations: 8 U.S.C. § 1357, 8 U.S.C. § 1225 and 8 C.F.R. § 103.1(g)(3)(ii).

15.    On or about February 23, 2000, eight days after plaintiff Xue Lu's interview for political asylum with defendant INS Officer Thomas Powell, Officer Powell contacted plaintiff purportedly to verify her telephone number.  At all times, Officer Powell knew or should have known that plaintiff Xue Lu was represented by counsel. On or about February 24, 2000, Officer Powell again contacted plaintiff Xue Lu via telephone stating that he needed to see her.  Plaintiff suggested that she bring her lawyer and translator to the Los Angeles Asylum Office for the meeting since they might have difficulty in communicating.  Officer Powell insisted that he would meet her at her residence on February 26, 2000 and told her not to have anyone present. Plaintiff Xue knew that Officer Powell could interrogate her, arrest her and have her deported and removed from the United States of America if she did not cooperate with his orders.  Plaintiff Xue knew and understood that Officer Powell was acting as an official representative of the United States of America and was vested with complete authority to approve or deny her asylum application.  She feared that if Officer Powell

1 ordered her to be arrested and deported back to China that she would face
2 imprisonment, torture and possibly even death.  Accordingly, she obeyed Officer
3 Powell's order to be present at her residence at the appointed time on February 26,
4 2000.

     16.    On or about February 26, 2000, Officer Powell met plaintiff Xue Lu at
6 her residence and entered her home.  Defendant Powell sat on plaintiff's bed and
7 proceeded to open a portfolio, which contained, in part, plaintiff's application for
8 political asylum.

     17.    Officer Powell informed plaintiff that he liked helping others and that he
10 could help her as well. Officer Powell got closer to where plaintiff was sitting and
11 began to engage in demands for sexual favors in exchange for approval of her asylum
12 application sexual advances, kissing her neck and ear.  Plaintiff Xue Lu, nervous and
13 shocked, quickly got up and went to the kitchen. Officer Powell made statements
14 which implied that if she paid him he would approve her request for political asylum.
15 Plaintiff informed Officer Powell that she had no money.  Officer Powell proceeded
16 to fondle plaintiff by touching her breasts and buttocks. Plaintiff placed some distance
17 between herself and Officer Powell.  Officer Powell got up, approached plaintiff, and
18 attempted to unzip and remove her pants.  Officer Powell stated several times that he
19 could either approve or reject her application for political asylum.

     18.    Officer Powell, noticing plaintiff's uneasiness, stated, "If you don't like
21 this, I will not approve your case."  Plaintiff told Officer Powell that she didn't like
22 it.  She refused Officer Powell's advances and asked him to leave her house.  Angrily,
23 Officer Powell responded that plaintiff's request for political asylum would be denied.
24 As Officer Powell exited plaintiff's home, plaintiff, in desperation, repeated several
25 times, "Please don't do this to me."

     19.    On or about March 1, 2000, plaintiff Xue Lu received notification that her
27 claim for political asylum had been denied by Officer Powell.  Plaintiff is informed
28 and believes and thereon alleges that Officer Powell was motivated by the fact that he

1   enjoyed an immense degree of power over the plaintiff's fate, i.e. her right to freely
2   live in the United States of America as opposed to being deported back to China where
3   she would face imprisonment, torture and risk of death.  Officer Powell's abuse of his
4   power manifested itself in his illicit demand for both money and sex from the plaintiff.
5   Accordingly, his wrongful acts of demands for sexual favors and extortion flowed
6   from the exercise of and abuse of his official authority under the color of law.    The
7   United States of America ratified Powell's conduct by utilizing Powell's denial of
8   asylum, and the information contained in the tainted file, throughout Xue Lu's asylum
9   proceedings resulting in the final denial of her asylum application.  Despite Powell's
10   arrest and subsequent conviction, the United States continued to rely on his initial
11   denial of the Plaintiff Xue Lu's asylum application as a basis for its contention that she
12   was not entitled to asylum protections.    Accordingly, Defendant United States of
13   America ratified Powell's unlawful conduct.

14

15   **Facts Pertaining to Plaintiff Jie Hao:**

16          20.    On or about May 22, 2000, Officer Powell interviewed plaintiff Jie Hao
17   at an INS asylum hearing officer in the presence of her attorney.  Upon her entrance
18   to the hearing office, Jie Hao was met by armed guards who allowed her entry only
19   after she passed through a metal detector. Upon entry into Asylum Officer Powell's
20   office, plaintiff could observe Officer Powell's badge and identification which
21   identified him as an Asylum Officer of the United States of America.    Plaintiff is
22   informed and believes and thereon alleges that as an Asylum Officer, Officer Powell
23   had the right and power to interrogate the plaintiff, order the plaintiff to be detained
24   or arrested without a warrant with the approval of his supervisor, and order her to be
25   removed and deported from the United States.  Officer Powell derives these powers
26   from the laws of the United States of America, including, but not limited to, the
27   following statutes and regulations: 8 U.S.C. § 1357, 8 U.S.C. § 1225, and 8 C.F.R. §
28   103.1(g)(3)(ii).

21.    On or about May 25, 2000, the third day after plaintiff Jie Hao's interview for political asylum with Officer Thomas Powell, Officer Powell contacted plaintiff purportedly to provide her with information regarding her application for political asylum. At that time Officer Powell stated that he would like to meet with plaintiff Jie Hao regarding her application. At all times Officer Powell knew or should have known that plaintiff was represented by counsel. On or about May 30, 2000, after numerous attempts to contact plaintiff by phone, Officer Powell again spoke with plaintiff Jie Hao and insisted that he wanted to see her. Officer Powell told plaintiff that he had an offer for her, but that this offer had to be kept secret between him and plaintiff. Officer Powell stated that he would come to her residence and not to have anyone present. Plaintiff Jie knew that Officer Powell could interrogate her, arrest her and have her deported and removed from the United States of America if she did not cooperate with his orders. Plaintiff Jie knew and understood that Officer Powell was acting as an official representative of the United States of America and was vested with complete authority to approve or deny her asylum application. She feared that if Officer Powell ordered her to be arrested and deported back to China that she would face imprisonment, torture and possibly even death. Accordingly, she obeyed Officer Powell's order to be present at her residence at the appointed time on June 4, 2000.

22.    Plaintiff Jie also contacted her immigration attorney who knew, based on his representation of Xue, that Officer Powell demanded sexual favors and attempted to extort asylum applicants by using his power and authority to approve or deny asylum applications in order to gain entrance into their homes. Prior to June 4, 2000, Jie's counsel contacted the United States Department of Justice in Los Angeles and reported what Powell had done to plaintiff Xue and his attempts to meet plaintiff Jie at her residence. The United States Department of Justice met with plaintiff Jie and her counsel and arranged to have her wired for sound prior to her meeting with Officer Powell. On or about June 4, 2000, Officer Powell arrived at plaintiff's residence. Officer Powell entered plaintiff Jie Hao's residence wherein he sat on plaintiff's

1  couch. Officer Powell then began to tell plaintiff that she had numerous problems with
2  her asylum application. Asked by plaintiff what those problems were, Officer Powell
3  smiled and stated he could either approve or reject plaintiff's application for political
4  asylum. Officer Powell then informed plaintiff that he could approve her application
5  for political asylum if she paid him $2,000.00.

6      23.   Prior to June 8, 2000, the United States Department of Justice once again
7  arranged for plaintiff Jie to be wired for sound and provided $2,000.00 to her to give
8  Officer Powell upon his demand. On or about June 8, 2000, Officer Powell returned
9  to plaintiff's residence to collect the $2,000.00. The "sting" operation confirmed
10  plaintiff's allegations of extortion and inappropriate demand for sexual favors.
11  Plaintiff is informed and believes and thereon alleges that Officer Powell was
12  motivated by the fact that he enjoyed an immense degree of power over the plaintiff's
13  fate, i.e., her right to freely live in the United States of America as opposed to being
14  deported back to China where she would face imprisonment, torture and the risk of
15  death. Officer Powell's abuse of his power manifested itself in his illicit demand for
16  both money and sex from the plaintiff. Accordingly, his wrongful acts of demands for
17  sexual favors and extortion flowed from the exercise of and abuse of his official
18  authority under the color of law.

19

20  **Facts Pertaining to both plaintiffs Xue Lu and Jie Hao:**

21      24.   Plaintiffs are informed and believe and thereon allege that at the time of
22  the incident described herein, Officer Powell was acting within the scope of, and under
23  the color of, his office and employment as an officer of the Los Angeles Asylum
24  Office of the INS.

25      25.   Plaintiffs are informed and believe and thereon allege that on February
26  23, 2000, and for some time prior thereto, the United States of America including the
27  U.S. Department of Justice, the Office of Inspector General ("OIG"), Los Angeles
28  Asylum Office of the INS, and Powell's supervising officers, including the Director

1  of the Los Angeles Asylum Officer, Robert V. Looney, knew or should have known
2  that defendant Powell had a propensity for abusing his authority and for engaging in
3  sexual misconduct and extortion and was therefore unfit to serve as an INS officer.

4       26.    Plaintiffs are informed and believe and thereon allege that Officer
5  Powell's wrongful conduct was motivated by the abuse of power in which he was
6  vested by the United States of America and the fact that plaintiffs were women, as he
7  sexually harassed only women asylum applicants, and the fact that plaintiffs were
8  Chinese immigrants, taking advantage of them and discriminating against them based
9  on their national origin.

10       27.    As a direct, proximate, and foreseeable result of the above mentioned acts
11  and omissions of defendants, and each of them, plaintiffs have been caused to and did
12  suffer and continues to suffer personal injuries and physical sickness as well as
13  extreme emotional and mental distress, anguish, humiliation, embarrassment, fright,
14  pain, discomfort, fear, anxiety, depression, and shock to their nervous systems for
15  which they have or may be required to incur medical or psychological treatment,
16  including treatment for a miscarriage.

17
18                           **FIRST CAUSE OF ACTION**
19                VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
20                       PURSUANT TO THE FTCA
21           (AGAINST DEFENDANT UNITED STATES OF AMERICA)
22
23       28.    Plaintiffs reallege and incorporate by reference, as though fully set forth
24  herein, each and every allegation set forth in paragraphs 1 through 27 above.
25       29.    California Civil Code § 52.1(b) provides: "Any individual whose exercise
26  or enjoyment of rights secured by the Constitution or laws of the United States, or of
27  rights secured by the Constitution or laws of this state, has been interfered with, or
28  attempted to be interfered with, as described in subdivision (a), may institute and

1  prosecute in his or her own name and on his or her own behalf a civil action for
2  damages."

3      30.    California Civil Code 52.1(a) provides: "If a person or persons, whether
4  or not acting under color of law, interferes by threats, intimidation, or coercion, or
5  attempts to interfere by threats, intimidation, or coercion, with the exercise or
6  enjoyment by any individual or individuals of rights secured by the Constitution or
7  laws of the United States, or of the rights secured by the Constitution or laws of this
8  state, the Attorney General, or any district attorney or city attorney may bring a civil
9  action for injunctive or other appropriate equitable relief in the name of the people of
10 the State of California, in order to protect the peaceable exercise or enjoyment of the
11 right or rights secuired."

12     31.    Plaintiffs are informed and believe and thereon allege that defendants
13 interfered by threats, intimidation, or coercion, or attempted to interfere by threats,
14 intimidation, or coercion, with the exercise or enjoyment by plaintiffs of rights secured
15 by the California Constitution or laws of the state of California in violation of Cal.
16 Civ. Code § 52.1.

17     32.    As a direct and proximate cause of aforementioned acts and omissions
18 of Powell and other agents or employees of the United States acting in the course and
19 scope of their employment, plaintiffs were injured as set forth above, and is entitled
20 to statutory damages under Cal. Civ. Code § 52, as well as compensatory damages as
21 alleged in paragraph 28.

22     33.    Defendants  United States and its managers, officers, and/or directors
23 authorized or ratified the wrongful conduct of their employees and agents. Defendant
24 United States engaged in the acts alleged herein and/or condoned, permitted,
25 authorized, and/or ratified the conduct of its employees and agents and are vicariously
26 liable for the wrongful conduct of its employees  and agents for this cause of action.
27 //
28 //

COUNT TWO

(FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST

DEFENDANT UNITED STATES OF AMERICA — PURSUANT TO THE

FEDERAL TORT CLAIMS ACT)

(By plaintiffs Xue Lu and plaintiff Jie Hao)

34.   The allegations set forth in paragraphs 1 through 33 are incorporated herein by reference.

35.   As set forth hereinabove, defendant Powell, while in the course and scope of his employment with the INS and United States of America, subjected plaintiffs to unwanted and unwelcome demands for sexual favors and attempted to extort money from them.

36.   As a direct and legal result of Powell's wilful, wanton, intentional, outrageous and malicious conduct, plaintiffs became terrified and suffered severe and extreme mental and emotional distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety, including all damages described in paragraph 28. The exact nature and extent of said injuries is presently unknown to plaintiffs.

RELIEF REQUESTED

WHEREFORE, plaintiffs pray for damages as follows:

1.   Compensatory damages, according to proof;

2.   Costs of suit, including interest;.

3.   Such other relief as is just and proper.

DATED: December 21, 2010

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

By: _____
V. James DeSimone

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

On **December 21, 2010,** I served the foregoing document described as:

**FOURTH AMENDED COMPLAINT FOR DAMAGES**

on all interested parties in this action. By placing the ___ original **or** a __X__ true copy thereof enclosed in sealed envelope addressed as follows:

Stephen E. Handler                    Stephen E. Handler
Senior Trial Counsel                  Senior Trial Counsel
U.S. Department of Justice            U.S. Department of Justice
Civil Division, Torts Branch          Civil Division, Torts Branch
P.O. Box 888                          1331 Pennsylvania Ave., N.W.
Benjamin Franklin Station             Room 8070 N
Washington, D.C.  20044               Washington, D.C.  20004

Douglas Ingraham
723 Ocean Front Walk
Venice, CA 90291

__X__     **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California.  The envelope was mailed with postage thereof fully prepaid.

____      **[E-MAIL]** I caused such document to be delivered by email to the email addresses listed above.

____      **[BY FAX]**  I transmitted the above document to the above facsimile.

____      **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__     **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this court at whose direction the  service was made.

Executed on December 21, 2010, at Venice, California.

_____
Kai Valenzuela