V. James DeSimone, SBN 119668
vjdesimone@sdshh.com
Michael D. Seplow, SBN 150183
mseplow@gmail.com
Menaka Fernando, SBN 271380
menakaf@gmail.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

Douglas Ingraham, SBN195755
723 Ocean Front Walk
Venice, CA 90291
(310) 663-1956
Attorneys for Plaintiffs

Attorneys for Plaintiffs: Xue Lu, Jie Hao

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XUE LU, JIE HAO.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendants. | No. CIVIL CASE NO. 01-01758 (EX)<br><br>JUDGE: HONORABLE CONSUELO B. MARSHALL<br><br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION ON UNRESOLVED DISCOVERY MATTERS RE PROTECTIVE ORDER PERTAINING TO THE TIME, PLACE AND ORDER OF QUESTIONING FOR THE DEPOSITION OF PLAINTIFF XUE LU; DECLARATION OF MENAKA N. FERNANDO [filed concurrently herewith]<br><br>[CD CA Rule 37-1]<br><br>HEARING DATE: May 21, 2012<br>TIME: 11:00 a.m.<br>COURTROOM: 2 – 2nd Floor<br><br>DISCOVERY CUT-OFF: May 30, 2012<br><br>TRIAL DATE: November 13, 2012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs have demonstrated good cause for this Court to issue a protective order specifying the time, place and sequence of Plaintiff Xue Lu's deposition, namely her inability to gain an entry visa into the United States and the extreme financial and familial hardship it would cause Ms. Lu were she required to travel to Los Angeles for her deposition. Defendant's argument to the contrary and its unfounded claim that travelling to Hong Kong would cause an undue burden on the United States government is unavailing. Accordingly, this Court, in the exercise of its discretion, should issue a protective order permitting Plaintiffs' counsel to take Ms. Lu's deposition first, in Hong Kong, and after the discovery cut-off deadline of May 30, 2012.

## II. PLAINTIFFS HAVE DEMONSTRATED GOOD CAUSE TO TAKE XUE LU'S DEPOSITION OUTSIDE THE JURISDICTION IN WHICH THIS ACTION WAS FILED

While it is the general rule that when a plaintiff selects a forum for bringing a lawsuit, she may be called upon to present herself at that place for the taking on her deposition, "such rule is not to be applied absolutely and inflexibly to every situation." *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158 (D.P.R. 1973); *Powell v. International Foodservice Systems, Inc.*, 52 F.R.D. 205, 206 (D.P.R. 1971). The party propounding pretrial discovery "is not entitled as of right in every case to a deposition on oral examination at the situs of the forum." *Hyam v. American Export Lines*, 213 F.2d 221, 222 (2d Cir. 1954). Indeed, "[s]pecial circumstances may be present, such as hardship or financial burden to a plaintiff, which may outweigh any prejudice to the defendant and require the general rule to yield to the exigencies of the particular case . . . . Since the location

1

designated for the taking of a deposition, as well as the conditions to be met before so doing, are solely within the discretion of this Court, it is when a person will suffer a great hardship by, or is economically incapable of submitting to a deposition as notified, that a motion under Rule 26(c) of the Federal Rules of Civil Procedure is most apt." *de Dalmady*, 62 F.R.D. 157 at 158-159 (vacating defendant's deposition notice for Plaintiff who resides in Venezuela to appear in Puerto Rico for his deposition) (internal citations omitted). *See also Powell*, 52 F.R.D. at 206 (considering the financial capacities of parties and their affidavits and concluding that requiring defendant corporation to travel to Puerto is not unduly burdensome as such defendant has subsidiaries in that place).

In *Hyam v. American Export Lines*, the Second Circuit applied these principles and reversed the trial court's denial of a protective order requesting that the deposition of the plaintiff, a resident of India, be taken through written interrogatories where the defendant noticed the deposition in New York. *Hyam*, 213 F.2d at 223. The *Hyam* court found that requiring the plaintiff to travel from Bombay (now Mumbai), India to New York would be so unusually and seriously burdensome that the defendant should have been required to make a more substantial showing as to its own burden.

Here, the declarations of Plaintiff Xue Lu and Plaintiffs' counsel demonstrate the extreme hardship that Ms. Lu faces in entering and travelling to the United States for her deposition. As discussed fully in the joint stipulation pertaining to Ms. Lu's deposition ("Joint Stipulation") and supporting documents therein, it would be fundamentally unfair and indeed practically impossible to require Ms. Lu to travel to the United States for her deposition where she has been issued a deportation order to return back to China and where former and current Justice Department officials have been unable to secure certification for the U-Visa

2

application.[1] Indeed, Ms. Lu has no lawful basis for entering in the United States and would risk detention if she appeared for her deposition here. Moreover, Ms. Lu would bear an extreme financial hardship, in particular in comparison to the resources of the United States Government, if she were required to make travel and lodging arrangements in the United States. The travel costs to Hong Kong are far more affordable. Further, Ms. Lu's sick mother requires her constant care making long-distance travel for her excessively burdensome.

Defendant's own authority stands for the basic principle that the party seeking to establish good cause must submit evidence, typically in the form of declarations, to establish undue burden or other special circumstance. *See, e.g., Cadent Ltd v. 3M Unitek*, 232 F.R.D., 625 629; *de Dalamady*, 62 F.R.D. at 631 ("It is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by him. Well prepared and complete affidavits on his part are necessary to corroborate and give substance to his attorney's assertions.")[2] Here, Plaintiffs have submitted declarations from all three Plaintiffs' counsel describing the difficulties in obtaining an entry visa for Ms. Lu and a declaration from Ms. Lu demonstrating her extreme financial and familial

---

[1] Defendant acknowledges the difficulty in obtaining law enforcement officials to certify Ms. Lu's U-Visa application. Defendant indicates that its counsel contacted the United States Citizenship and Immigration Services, the United States Immigration and Customs Enforcement, and Department of Justice Office of Inspector General, and the United States Attorney's Office for the Central District of California and was notified that none of these agencies would provide such certification. The United States is in a far better position to obtain this certification than Plaintiff or her counsel. As such, the difficulties encountered by the United States demonstrate the near impossibility for Ms. Lu to gain an entry visa to the United States.

[2] Defendant cites several cases illustrating circumstances in which protective orders pertaining to time and place of depositions were not granted. These cases involve mostly corporate entities and are distinguishable. For example, in *Hyde & Drath v. Baker*, 24 F.3d 1162 (9th Cir. 1994) the plaintiffs were Hong Kong corporations that failed to appear at their noticed depositions in *Hong Kong* and did business in the Northern District of California. Similarly, *Cadent v. 3M Unitek*, 232 F.R.D. 625 (C.D. Cal. 2005) involves the factors to be considered when determining whether the presumption that a corporate party's deposition should be held at its principal place of business can be rebutted. Here, Plaintiff is an individual who has limited resources and certainly does not travel to the United States for business purposes on a regular basis.

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION ON UNRESOLVED DISCOVERY ISSUES-PROTECTIVE ORDER PERTAINING TO THE TIME, PLACE AND ORDER OF QUESTIONING FOR THE DEPOSITION OF PLAINTIFF XUE LU**

hardships.[3] Sworn testimony from Ms. Lu explaining the care she must provide for her ailing mother with heart disease, the financial costs she has incurred due to her mother's healthcare needs and the cost of travel from her place of residence in Zhen Zhou, China to Los Angeles cannot conceivably be characterized as "naked assertions" by Plaintiff's counsel.[4] (*See* Declaration of Xue Lu, at ¶¶2-4 [filed concurrently with Joint Stipulation]).

Defendant also contends that requiring the United States to expend the time and resources to take Ms. Lu's deposition in Hong Kong would be unduly burdensome. While the United States would incur some expense in travelling to Hong Kong and taking Ms. Lu's deposition there, in comparison to Ms. Lu's financial resources, on balance, it is clear that the *undue* burden falls squarely on Plaintiff. Indeed, the Department of Justice operates on a budget of approximately $24.3 billion in the 2012 fiscal year, with the Civil Division receiving $283 million to conduct its general legal activities.[5] Moreover, the United States government

---

[3] Defendant makes the absurd speculation that Xue Lu's family does not have any financial hardship based on the deposition testimony of Jacqueline Kriebel, the ex-girlfriend of Winfield Scott Biggs, who Ms. Lu married in 2004 and later divorced in 2007. *See* Joint Stipulation, at 28; *see also* United States of America's Supplemental Memorandum In Support of Joint Stipulation. The reliance on this evidence is without any foundation and should be discounted. Ms. Kriebel was purportedly told by Mr. Biggs about the alleged payments from Ms. Lu's family when Mr. Biggs entered into a relationship with Ms. Kriebel close to two years after Ms. Lu married Mr. Biggs. *See* Deposition of Jacqueline Kriebel ("Kriebel Depo"), at 11:3-24 (attached hereto as Exhibit "A"). Ms. Kriebel never saw the money or saw any bank statements evidencing any payments. Kriebel Depo, at 28:16-29:3. Further, Ms. Kriebel has never met or spoken to Ms. Lu or anyone in her family and has at most a very tenuous connection to any matter in this litigation at all. Kriebel Depo, at 27:18 – 28:2. The Defendant's use of such unreliable hearsay evidence is unsound and should be rejected by this Court.

[4] Other cases cited by Defendant also involves lack of evidence of hardship and not factually similar to this case. In United States v. $160,066.98 From Bank of America, 202 F.R.D. 624 (S.D. Cal. 2001), the court ordered several Pakistani claimants to appear in the Southern District of California for their depositions where they failed to make an adequate showing of hardship. Then in the unpublished case *Brown v. Astoria Federal Savings & Loan Association*, 444 Fed. Appx. 504 (2d Cir. 2011), the Second Circuit held that plaintiff merely made conclusory assertions without offering evidence of economic hardship. Similarly, in *Clem v. Allied Van Lines International Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984), the court required a Hong Kong plaintiff to enter the United States for his deposition where he did not "sufficiently detail[] his financial position so that [the] Court might assess the prohibitiveness of the deposition." Such is not the case here where evidence of Ms. Lu's hardships abounds.

[5] *See* "U.S. Department of Justice Summary of Budget Authority by Appropriation," FY 2013

4

has good relations with Hong Kong and can use the resources and services available to them through the Consulate General of the United States Hong Kong & Macau.[6] Thus, a balancing of hardship and burden would undoubtedly tips in Ms. Lu's favor.

## III. CONCLUSION

Based on the foregoing, it is Plaintiff's contention that in the interest of fundamental fairness, this Court should grant Plaintiff's Protective Order pertaining to the time, place and order of questioning for the deposition of Plaintiff Xue Lu.

DATED: May 7, 2012

SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

By: _____
V. James DeSimone
Menaka N. Fernando
Attorneys for Plaintiff's
XUE LUE, JIE HAO

---

Budget & Performance Summary (*available at* http://www.justice.gov/jmd/2013summary/pdf/budget-authority-appropriation.pdf and attached hereto as Exhibit "B").
[6] *See generally* Website for Consulate General of the United States Hong & Macau, (*available at* http://hongkong.usconsulate.gov) (last visited May 7, 2012); *see also* "America's Renewed Commitment to Asia And What It Means For Hong Kong And Macau," Remarks by U.S. Consul General Stephen M. Young (May 3, 2012) (outlining the United States' commitment to expanding trade and investment in Hong Kong as well as describing the two countries "full-fledged partners[hip]" on law enforcement and security issues) (*available at* http://hongkong.usconsulate.gov/cg_sy2012050301.html).

5