V. James DeSimone, SBN 119668
vjdesimone@gmail.com
Kunti Dudakia, SBN 279090
Kdudakia.sdshhh@gmail.com
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

Douglas Ingraham (SBN 195755)
723 Ocean Front Walk
Venice, CA 90291
(310) 664-0395

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XUE LU, JIE HAO,<br>Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA,<br>Defendant. | NO. 01-01758-CBM (Ex)<br><br>Assigned to the Honorable Consuelo B. Marshall<br><br>**DECLARATION OF MENAKA N. FERNANDO IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA), 28 U.S.C. §2412**<br><br>**Date: November 18, 2013<br>Time: 11:00 am<br>Courtroom: 2** |

## DECLRARATION OF MENAKA N. FERNANDO

I, Menaka N. Fernando, declare as follows:

1. I am an attorney admitted to practice law in the State of California with the law firm of Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP, attorneys of record for Plaintiff Allen Harris in the case *Xue Lu, Jie Hao v. United States of America*, Case No. 01-01758. The matters stated herein are within my personal knowledge and I can therefore testify competently to these matters (except where indicated on information and belief and to those matters I believe to be true).

2. I am making this declaration in support of Plaintiff's Motion for Award of Reasonable Attorney's Fees And Costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, which allows attorney's fees to prevailing parties who have successfully prosecuted cases against the United States.

3. I graduated from UCLA in 2005 with a B.A. in English. I graduated from UC Hastings College of the Law in 2010 with a concentration in International Law. I was admitted to practice in the State of California in November 2010.

4. Immediately after graduating, from August 2010 to February 2011, I was employed as an independent contract attorney at Schonbrun DeSimone Seplow Harris Hoffman & Harrsion LLP ("SDSHHH"), attorneys of record for Ms. Lu and Ms. Hao. Then for approximately four months, I worked at the environmental justice non-profit organization The City Project in downtown Los Angeles, practicing environmental litigation, prior to joining SDSHHH as an associate attorney in July 2011, where I have been employed for the past two years. At SDSHHH, I specialize in civil rights and excessive force cases against government and law enforcement agencies.

5. I successfully worked as an attorney of record with V. James DeSimone winning a $1.6 million jury verdict in the trial of *Harris v. City of Los Angeles*, et.

al, Case No. BC451880, an excessive force case in which Plaintiff successfully litigated a Bane Act (Cal. Civ. Code §52.1) claim. In that case, I spent a significant amount of time researching difficult legal questions as they arose in this case and drafted a total of four trial briefs, particularly, in anticipation of Defendants' Motion for Nonsuit on Plaintiff's California Civil Code §52.1 claim, during which I gained much experience and specialized knowledge in the area of civil rights litigation under that statute. I was able to use that special knowledge and skill to help successfully litigate Ms. Lu and Ms. Hao's case against the United States.

6. My requested rate of $375 per hour is appropriate given my academic background, years of practice, and experience as set forth above.

7. I have worked on Ms. Lu and Ms. Hao's case from July 2011 to the present. When I started working on this case, the Court had denied Defendant's Motion to Dismiss Plaintiffs' Section 52.1 claim in Plaintiffs' Fourth Amended Complaint, and the parties were beginning the discovery stage.

8. This case consumed significant amounts of time compared to other cases in a relatively short period of time because of the extent of discovery that remained to be conducted prior to trial. The parties exchanged thousands of documents and propounded extensive sets of discovery requests and conducted a total of nine depositions.

9. I conducted extensive discovery in this case, including but not limited to, drafting written discovery (propounding and responding), reviewing thousands documents, drafting discovery motions, and taking and defending several depositions.

10. I took the lead in researching and drafting a majority of the written briefing in this case, including but not limited to, Plaintiff's Protective Order to take Plaintiff Xue Lu's Deposition in Hong Kong in lieu of trial testimony; Plaintiff's

Opposition to Defendant's Protective Order to designate Dr. William Frumovitz as an expert, Plaintiff's Opposition to Defendant's Motion for Summary Judgment on all claims made by Plaintiff Jie Hao, and drafted all the pretrial documents, including but not limited to, the Motions in Limine (and oppositions and reply briefs), Plaintiffs' Memorandum of Contentions of Law and Fact; Plaintiff's Final Pretrial Conference Order, and Plaintiffs' Proposed Findings of Fact and Conclusions of Law.  I spent a significant amount of time researching difficult legal questions as they arose in this case.  I also designated portions or Plaintiff Lu's deposition transcript to play at trial and provided objections to Defendant's proposal of the same.  I also worked closely with Plaintiffs' expert Dr. Stuart Lustig throughout the litigation including at trial.

11.   During the course of trial, I drafted direct and cross examination questions for witnesses, conducted extensive research on the legal questions that arose, took notes on the testimony of each witness, attended numerous strategy meetings and created the demonstratives for the closing argument.

12.   Following trial, I took the lead in researching and drafting a majority of the written briefing in this case. I spent a significant amount of time drafting Plaintiff's Motion for Award of Reasonable Attorney's Fees and compiling supporting documentation thereto.

//
//
//
//

13. I personally performed the work attributed to me on the attached billing records. I did not record a great deal of time I thought was appropriate to omit in the exercise of billing judgment.

I declare under the penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on August 28, 2013 at Venice, California.

/s/ *Menaka N. Fernando*
_____
Menaka N. Fernando

---

**DECLARATION OF MENAKA N. FERNANDO IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF REASONABLE ATTORNEY'S FEES**

4